UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON D. WILMORE,<br><br>       Plaintiff(s),<br><br>v.<br><br>OPTUM SERVICES, INC.,<br><br>       Defendant(s). | Case No. 2:24-cv-01678-GMN-NJK<br><br>**Order**<br><br>[Docket No. 18] |

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion to dismiss.  Docket No. 18; *see also* Docket No. 7 (motion to dismiss).  The motion to dismiss is fully briefed, but no response was filed to the motion to stay discovery.[1]

The Court has broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied.  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief.  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

---

[1] The Court may take the lack of a filed response as consent to the granting of the motion, but it is not required to do so.  *See* Local Rule 7-2(d).

The Court is not convinced that the motion to dismiss will prevail here. That motion is seeking dismissal on the ground that the complaint was served less than three weeks after the Rule 4(m) deadline. Docket No. 7 at 2. The governing language in the rule does not require dismissal. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant <u>or order that service be made within a specified time</u>" (emphasis added)). Courts have significant leeway to not dismiss for failing to comply with this deadline. The Ninth Circuit has made plain that courts may extend the deadline retroactively and may provide relief even without a showing of good cause for the delay. *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); *see also, e.g.*, *Wilson v. Ayers*, 2009 WL 1940102, at *1 (D. Nev. July 7, 2009). Particularly given Plaintiff's counsel's stated health challenges, the merits of the motion to dismiss do not approach the required showing of likely success to warrant a stay of discovery.[2]

Accordingly, the motion to stay discovery is **DENIED**. The parties must file a joint proposed discovery plan by March 10, 2025.

IT IS SO ORDERED.

Dated: February 24, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.